Newman, J.
It does not appear in the petition when the affidavit was filed with the respondent, but as the purpose of this proceeding is to have this court determine the effect of the adoption of certain constitutional amendments at the election September 3, 1912, effective January 1, 1913, on the right of the respondent to hold and discharge the duties of the office of justice of the peace at the time the affidavit was filed, we can assume that the affidavit was filed subsequently to January 1, 1913.
The petition is challenged by demurrer upon the sole ground that the adoption of these amendments abolished the office of justice of the peace, that the same was eliminated from the judicial system of the state on January 1, 1913, and that the respondent did not have authority to act.
The Constitution of 1851 provides:
“article iv.
“Section 1. The judicial power of the state is vested in a supreme court, circuit courts, courts of *392 common pleas, courts of probate, justices of the peace, and such other courts inferior to the supreme court, as the General Assembly may, from time to time, establish.
“Section 9. A competent number of justices of the peace shall be elected, by the electors, in each township in the several counties. Their term of office shall be three years, and their powers and duties shall be regulated by law.”
The amendment to the Constitution of 1851, adopted November 7, 1905, Section 2, Article XVII,• provides that the term of office of justices of the peace shall be such even number of years, not exceeding four years, as may be prescribed by the General Assembly.
Among the constitutional amendments adopted September 3, 1912, are the following:
“article iv.
“Section 1. The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas, courts of probate, and such other courts inferior to the courts of appeals as may from time to time be established by law.
“Section 9. A competent number of justices of the peace shall be elected by the electors in each township in the several counties, until otherwise provided by law. Their term of office shall be for four years and their powers and duties shall be regulated by law: provided that no justice of the peace shall be elected in any township in which a court, other than a mayor’s court, is, or may hereafter be, maintained with the jurisdiction of *393 all causes of which justices of the peace have jurisdiction, and no justice of the peace shall have, or exercise, jurisdiction in such township.”
“schedule.
“If the amendment to Article IV, Sections i, 2 ■ and 6, be adopted by the electors of this state and become a part of the Constitution, then Section 9 of Article IV of the Constitution is repealed, and the foregoing amendment, if adopted, shall be of no effect.”
Sections 1, 2 and 6 of the amendment to Article IV were adopted at the election on September 3, 1912, as was also Section 9, but, under the provisions of its schedule, Section 9 is repealed and is of no effect.
Sections 2 and 6 relate to the supreme court and the court of appeals, and, as their provisions do not aid in the determination of the question before us, the same are not set out here in full.
By the Constitution of 1851, the office of justice of the peace was created, and it was not necessary for the legislature to enact a law establishing this office. It was, however, incumbent upon that body to regulate the powers and duties of the same, and, under the amendment of November, 1905, to prescribe the term of office, and it has done this in the enactment of a number of statutes to which reference will be made hereafter.
It is claimed by counsel for the respondent that the office of justice of the peace, prior to January 1, 1913, was a constitutional office. “Omitting the words ‘justice of the peace’ from the constitutional *394 amendments as recently adopted,” they say, “did not abolish the office of justice of the peace in Ohio.” It is urged, however, that, the amendment to Article IV, Sections 1, 2 and 6, having been adopted, the schedule to Section 9, by its provisions, repealed Section 9 and “there is nothing left in the Constitution to provide for the office of justice of the peace.”
It is conceded that the legislature, under the authority of Section 1 of Article IV of the recently adopted amendments, may re-establish this office, but, in the absence of such law, it is urged the office of justice - of the peace has no existence, and has had none since January 1, 1913.
Counsel for respondent, treating the office of justice of the peace, prior to January 1, 1913, as a constitutional office, insist that the same can be abolished before the term of the officer occupying the office has expired, by the power which created it — that the same could be and was abolished by the people of Ohio, September 3, 1912.
Proposal 41, “Schedule of Amendments,” voted on September 3, 1912, was adopted.
The schedule is as follows:
“The several amendments passed and submitted by this convention when adopted at the election shall take effect on the 1st day of January, 1913, except as otherwise specifically provided by the schedule attached to any of said amendments. All laws then in force, not inconsistent therewith shall continue in force until amended or repealed; provided that all cases pending in the courts on the 1st day of January, 1913, shall be heard and *395 tried in the same manner and by the same procedure as is now authorized by law. Any provision of the amendments passed and submitted by this convention and adopted by the electors inconsistent with, or in conflict with, any provision of the present constitution, shall be held to prevail.”
Our attention has been directed to this language contained therein: “All laws then in force, not inconsistent therewith, shall continue in force until amended or repealed.” This becomes important and material in the determination of the question before us.
There are, and were on January 1, 1913, a number of sections of the General Code relating to justices of the peace — Sections 1712 to 1746. They relate to the election, term, duties, jurisdiction and compensation of these officers. In Section 1713, it is provided, among other things, that all justices of the peace shall be elected for a term of four years. ■ Section 1715 was a part of Section 567 of the Revised Statutes, as amended March 31, 1906, after the adoption of the constitutional provisions relating to biennial elections and the terms of officers in November, 1905, and is as follows:
“At the next regular election for such office, a justice of the peace shall be elected in the manner provided by law, for the term of four years commencing on the first day of January next following his election.”
It is urged by the attorney general, on behalf of the relator, that, if the Constitution of 1851 *396 were silent in respect to justices of the peace, and there were provisions authorizing the legislature to create inferior courts, and the legislature had passed only such sections of the General Code as we have in reference to justices of the peace, no one could question the creation or existence of the office, and when the legislature provides for the election or appointment of an officer, and prescribes his duties, fixes the term of office and provides for other things as contained in the General Code in reference to justices of the peace, it creates the office.
This view is not entertained by special counsel in the attorney general’s department, who also appeared on behalf of the relator. His contention is that the office of justice of the peace, under the Constitution of 1851, is a constitutionally created office, and that the legislature, by the sections of the Code referred to, did nothing more than provide for jurisdiction, election, compensation and the like; for, when the legislature established certain other inferior courts in Ohio, it did so in haec verba, and he calls attention to the establishment of the superior, municipal and insolvency courts, and to the fact that the sections providing for these courts read, “there shall be established,” etc. But he concludes that Proposal 41, to which we have referred, g'oes far enough, at least, to authorize the present justices of the peace to exercise their powers as provided by laws in force on January 1, 1913, until the expiration of their respective terms of office. Pie insists further that unless provision is made estab *397 lishing justices’ courts, there will be no authority to elect, not because there is no statutory direction to do so, but because there is no such office to fill, either statutory or constitutional.
The office of justice of the peace, prior to January 1, 1913, was a constitutional office. Section 1, of Article IV of the Constitution of 1851, vests the judicial power in certain courts, among which are justices of the peace, and Section 9 of that article provided for a competent number of justices of the peace to be elected in each township in the several counties. Their term of office was fixed originally at three years, but by the provisions of the amendment of November, 1905, was extended to four years, so that this office derives its existence from the Constitution. By force of the constitutional amendments effective January 1, 1913, this office then ceased to be a constitutional one. It is not named in the amendment to Article IV, Section 1, which vests the judicial power of the state “in a supreme court, courts of appeals, courts of common pleas, courts of probate, and such other courts inferior to the courts of appeals, as may from time to time be established by law,” and Section 9 of the amendment to Article IV, relating to the office, having been repealed, and having become ineffective by reason of the adoption of Sections 1, 2 and 6, herein-before referred to, it is not created by that section. For the purposes of this proceeding, it is only necessary to ascertain whether the justices of the peace in office January 1, 1913, continue in office until the expiration of their terms of office. If they *398 do, then the respondent in this case was with authority to act.
The question whether or not statutory enactment will be required to continue in office, by election or otherwise, justices of the peace, after the expiration of their present terms, is a matter which can be definitely settled by the general assembly under its authority to establish inferior courts.
In the case of Cass v. Dillon, 2 Ohio St., 607, in which case certain provisions of the Constitution of 1851 were before the court for consideration, Judge Thurman said:
“The State of Ohio is the same political state now that it was under the old constitution. The new constitution created no new state. It only altered, in some respects, the fundamental laws of a state already in existence; and even this was done pursuant to a prior constitution, under whose provisions the convention was called, and the new constitution framed. It follows, that all laws in force when the latter took effect, and which were not inconsistent with it, would have remained in force, without an express provision to that effect, and all inconsistent laws fell, simply because they were inconsistent; in other words, all repugnant laws were repealed by implication. If the laws of a conquered country remain in force until repealed, so far as they are consistent with ‘ the government of the conquerors, a fortiori, is it true that the laws of a state survive a peaceable change of its constitution, effected by its own people, and not varying the general structure of its govern *399 ment, to the full extent to which they are consistent with the new order of things.”
The sections of the General Code relating to the terms, duties and jurisdiction of justices of the peace are not inconsistent with any adopted amendment to the Constitution. As was held in Cass v. Dillonsuch laws would remain in force without an express provision. But we have an express provision in the amendments recently adopted that all laws in force January 1, 1913, not inconsistent with the amendments, shall continue in force until amended or repealed. We are of the opinion that this is effective to continue in office until the expiration of their terms justices of the peace who held the office on January 1, 1913.
The office of justice of the peace was established by the Constitution of 1802, and has existed for years in this state. Its work has been extensive and embraces important matters and transactions. It has exclusive jurisdiction in certain civil cases, including actions for the recovery of sums not exceeding one hundred dollars. The constitutional amendments did not provide another court to continue and carry on the work exclusively entrusted for years to justices of the peace.
As has been said by this court, “all the authorities admonish us that we are construing the language of the people, and we must not deny it the intended meaning because it would be technically incorrect.” It is not conceivable that the constitutional convention or the people intended *400 that a citizen should be deprived of his rights and remedies in controversies exclusively within the jurisdiction of the office in question, or that a litigant should have no protection in matters concerning which he could look to the justice of the peace only for relief. Surely such was not the intention. Expressly continuing in force all laws not inconsistent with the provisions of the amendments is evidence of that fact.
The legislature is clothed with power to establish inferior courts, if it finds it necessary, with jurisdiction over matters which, for years, have been exclusively with justices of the peace. This it can do under the provisions of Article IV, Section 1, of the amendments.
The demurrer to the petition is overruled.

Peremptory writ allowed.

Shauck, C. J., Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.